UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Cory Seth Catoe, | ) | C/A No. 5:13-1655-CMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| York County Detention Center, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is a civil action filed pro se by a detainee at the York County Detention Center ("YCDC"). Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district judge. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Cory Seth Catoe ("Plaintiff"), a detainee at YCDC, brought this action against one Defendant: YCDC. Compl. 2, ECF No. 1. Plaintiff complains of sexual harassment by a corrections officer, "OFC Tovella." *Id.* at 3. Plaintiff indicates Officer Tovella made a remark about the size of underwear Plaintiff requested and allegedly asked to see his penis. *Id.* Plaintiff also complains that a different officer, "Sgt. Lingerfelt," did not take action to "take care" of the problem, although Plaintiff told Lingerfelt what had taken place. *Id.* Plaintiff asks to be "compensated" for mental anguish and pain and suffering; he does not allege any specific physical injury. *Id.* at 3.

**INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

In order to state a claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law."  *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person."

For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law.  *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  Because the only Defendant specifically named in this case (in the caption of the pleading or on page 2 of the form where space is provided to list "additional defendants") is a building or group of buildings: "York County Detention Center," this case should be summarily dismissed for lack of a potentially liable Defendant.

Moreover, if the court were to consider the two corrections officers named in the body of the Complaint–Officer Tavella and Sgt. Lingerfeldt–as Defendants, the case would still be subject to

---

[1] Plaintiff's Complaint is properly before this court pursuant to 42 U.S.C. § 1983.  Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

summary dismissal because Plaintiff does not allege facts that would support a plausible § 1983 claim against either of them. Although the scenario Plaintiff describes as "sexual harassment" that took place in the YCDC laundry area on May 1, 2013, *see* Compl. 3, was troublesome and probably quite uncomfortable for Plaintiff, the taunting and crude language alleged against Officer Tavella do not rise to the level of a constitutional violation in the detention-center setting. In the absence of a constitutional violation by Tavella, there was no unconstitutional behavior on Sgt. Lingerfeldt's part in not "doing anything  about" Tavella's actions.

Although prisoners retain many constitutional rights, it has been recognized that incarceration inherently limits certain constitutional rights of prisoners. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). While "prisoners do not shed all constitutional rights at the prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (citations omitted).  The United States Supreme Court has cautioned the federal courts that they "ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment."  *Id.* at 482.  The United States Supreme Court has held that prison officials have a duty under the Eighth Amendment (or the Fourteenth Amendment in the case of pre-trial detainees like Plaintiff herein)[2] to provide humane conditions of confinement:  they must ensure adequate food, clothing, shelter and medical care; and they must

_____

[2] While the Due Process Clause of the Fourteenth Amendment guarantees pre-trial detainees – such as Plaintiff –humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d  490, 495 (10th Cir. 1998); *see also Chisolm v. Cannon*, No. C.A. 4:02-3473-RBH, 2006 WL 361375 (D. S.C. Feb. 15, 2006).  For this reason, the standards discussed in *Farmer v. Brennan* are equally applicable in Plaintiff's case even though he is a pre-trial detainee and not a convicted prisoner.

take reasonable measures to guarantee the safety of inmates.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

The Prison Litigation Reform Act ("PLRA") of 1996 placed an important limitation upon all civil actions for compensatory damages arising from prison conditions, requiring proof of "physical injury" arising from the allegedly unconstitutional condition.  Under 42 U.S.C. § 1997e(e) no recovery of compensatory damages is allowed for emotional stress:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

*See Mitchell v. Horn*, 318 F.3d 523, 535 (3d Cir. 2003) (§ 1997e's "injury" provision requires more than *de minimus* injury); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (same).[3]  It has also been held that "the use of vile and abusive language is never a basis for a civil rights action." *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985) (there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims); *see Emmons v. McLaughlin*, 874 F. 2d 351, 354 (6th Cir. 1989) (verbal threats causing fear for plaintiff's life not an infringement of a constitutional right)*; Batista v. Rodriguez*, 702 F.2d 393, 398 (2d Cir. 1983); *see also Cameron v. Bonney*, No. 12-7836, 2013 WL 1800423 (4th Cir. Apr. 30, 2013).  Verbal abuse of a prisoner, even of the lewd variety alleged here, is not actionable under § 1983. *See McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (explaining that "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); *Boston v. Stanton*, 450

---

[3] There is considerable authority for the proposition that § 1997e(e)'s physical injury requirement is not applicable to § 1983 claims for nominal or punitive damages, or for injunctive or declaratory relief.  *Mitchell v. Horn*, 318 F.3d at 533-34 (collecting cases).

5

F. Supp. 1049 (W.D. Mo. 1978) (same).

None of Plaintiff's allegations show that he was subjected to any type of serious or substantial physical harm from any of the conduct he contends violated his constitutional rights. He does not provide any supporting facts showing the nature and extent of the alleged negative effects, and such conclusory allegations are insufficient to show the requisite injury for any viable Eighth Amendment compensatory damages claim. Because Plaintiff's Complaint, liberally construed, alleges only the use of crude language by a corrections officer and seeks only compensatory damages for "mental anguish" and "pain and suffering" without a physical injury, this case should be summarily dismissed without service on any opposing party.

## RECOMMENDATION

Accordingly, it is recommended that the court dismiss this case *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

July 26, 2013                                    Kaymani D. West
Florence, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the district court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).